UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:06-CV-232-F

| | | |
|---|---|---|
| MICHAEL STEWART, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| AVAYA, INC., | ) | |
| Defendant. | ) | |

This matter is before the court upon the Second Motion for Sanctions, including Dismissal [DE-28] filed by Defendant Avaya, Inc.("Avaya"). The time for filing a Response has since passed, and this matter is therefore ripe for disposition.

## I. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff Michael Stewart ("Stewart") initiated this action on June 12, 2006, by filing a Complaint in this court asserting claims against Avaya under 42 U.S.C. § 2000e *et seq.* (Title VII) and 42 U.S.C. § 1983. On January 8, 2007, United States Magistrate Judge James E. Gates signed a Scheduling Order [DE-9], which provided, *inter alia*, that all discovery in the action shall be concluded by September 7, 2007.

On January 16, 2007, Avaya served its First Set of Interrogatories and First Request for Production of Documents on Stewart. Stewart, however, did not provide discovery responses within thirty days, or by February 20, 2007, as required by the Federal Rules of Civil Procedure. Subsequently, on March 1, 2007, and on March 8, 2007, counsel for Avaya wrote Stewart's counsel, and requested that Stewart's discovery responses be served on Avaya by March 16, 2007. Avaya's counsel explicitly stated in the March 8, 2007, letter that if Stewart failed to respond to the discovery requests on or before March 16, 2007, Avaya would file a motion to

compel. When Stewart's counsel failed to respond to the letters, Avaya filed a Motion to Compel [DE-11] on March 21, 2007.

Magistrate Judge Gates allowed Avaya's unopposed Motion to Compel, and ordered Stewart to provide Avaya with complete discovery responses within ten days of the filing date of the order. *See* April 25, 2007 Order [DE-13] at p. 2. Magistrate Judge Gates also allowed Avaya's request for attorney's fees and expenses incurred in filing the motion to compel, and directed Avaya to file an affidavit setting forth any such expenses within ten days. Magistrate Judge Gates ordered that Stewart would be afforded three days to file a response, if any, to Avaya's affidavit.

On May 18, 2007, Avaya filed a motion for sanctions, contending that Stewart failed to provide any discovery responses despite Magistrate Judge Gates' order allowing the motion to compel. Avaya sought sanctions, including dismissal of the action with prejudice, for Stewart's failure to obey a court order. Despite being served electronically and by mail with the motion for sanctions, Stewart failed to file a response to the motion for sanctions.

Consequently, the undersigned ordered Stewart to show cause, if any there be, on or before June 27, 2007, why Avaya's Motion for Sanctions [DE-16] should not be allowed and why this action should not be dismissed for failure to comply with the court's April 24, 2007 Order. *See* June 20, 2007 Show Cause Order [DE-18]. The court explicitly warned Stewart that the failure to respond to the show cause order would result in the imposition of sanctions, up to and including the dismissal of this action.

On June 28, 2007, Stewart filed a Motion to Extend Time to Respond and Motion to Approve Manual Filing [DE-20]. The court allowed the motion, and directed the Clerk of Court

2

to file Stewart's response and accompanying exhibits. *See* July 12, 2007 Orders [DE-22] &[DE-23]. In the response, Stewart's counsel contended that she sent her client's response to the First Set of Interrogatories to counsel for Avaya on March 23, 2007. Stewart's counsel attached the cover letter to the March 23, 2007, discovery response, but not the response itself. The cover letter suggests that Stewart's counsel sent the discovery responses to an incorrect address. Stewart's counsel, however, did not address Stewart's lack of response to Avaya's First Request for Production of Documents.

Stewart's counsel also contended that she did not have notice of Avaya's motion to compel, or the court's order granting the same, because her email account regarded all email messages coming from the court's electronic filing system as "spam," and placed the email messages in a junk file folder where the messages are deleted after two weeks. Thus, according to counsel, she did not have notice of Avaya's motion to compel or the court's order allowing the motion to compel until June 12, 2007, when she discovered that her email was regarding federal court filings as spam. Counsel did not address, however, the fact that Avaya served a copy of its Motion for Sanctions via the regular mail on May 18, 2007. Finally, Stewart's counsel informed the court that on the advice of a medical professional, she took a month-long leave of absence from her practice from April 1, 2007 until May 1, 2007.

In an order filed on July 18, 2007, the court allowed, in part, Avaya's motion for sanctions. *See* July 18, 2007 Order [DE-26]. Specifically, the court ordered Stewart's counsel to pay Avaya's costs and expenses, including attorney's fees, incurred in preparing, filing, and seeking ruling on the motion for sanctions. Additionally, the court ordered Stewart to provide Avaya with complete responses to its First Set of Interrogatories and First Request for Production

3

of Documents within ten (10) days of the filing date of the order. The court explicitly warned Stewart and his counsel that the failure to comply with the order would result in the imposition of sanctions, up to and including the dismissal of this action.

On August 22, 2007, Avaya filed Defendant's Second Motion for Sanctions, Including Dismissal. In the memorandum of law in support of the motion, Avaya represents that Stewart has yet to serve any responses to the Interrogatories or Request for Production of Documents.

## II. ANALYSIS

A court has discretion to impose sanctions, up to and including dismissal, when a party fails to comply with discovery orders. *See* FED. R. CIV. P. 37(b); FED. R. CIV. P. 37(d); *Mutual Fed. Sav. & Loan Ass'n v. Richards & Assocs.*, 872 F.2d 88, 92 (4th Cir. 1989). When determining whether to impose the sanction of default or dismissal, a district court should consider the following four factors:

> (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

*Mutual Federal*, 872 F. 2d at 92 (citing *Wilson v. Volkswagen of America, Inc.*, 651 F.2d 494, 503-04 (4th Cir. 1977). Additionally, the Fourth Circuit has emphasized the importance of warning a party about the possibility of dismissal prior to entering such a sanction. *See Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 40 (4th Cir. 1995). Federal courts in North Carolina have shown a willingness to dismiss actions based on the standard set forth in *Mutual Federal*. *See, e.g., Green v. John Chatillon & Sons*, 188 F.R.D. 422 (M.D.N.C. 1998)(dismissing ADA

4

action where plaintiff completely failed to provide discovery responses); *Daye v. Gen. Motors Corp.*, 172 F.R.D. 173, 176-79 (M.D.N.C. 1997)(dismissing products liability action where plaintiffs failed to provide meaningful discovery despite warnings and earlier sanctions); *Jackson v. Vance County*, 39 Fed. R. Serv. 3d 1179 (E.D.N.C. 1997)(dismissing § 1983 action where plaintiff failed to attend scheduled depositions); *Viswanathan v. Scotland Bd. of Educ.*, 165 F.R.D. 50 (M.D.N.C. 1995)(dismissing employment discrimination action where plaintiff failed to attend scheduled depositions); *Robinson v. Yellow Freight System*, 132 F.R.D. 424 (W.D.N.C. 1990)(dismissing *pro se* plaintiff's Title VII action where plaintiff failed to provide sufficient answers to requests for admissions and interrogatories and failed to attend scheduled depositions).

In this case, dismissal is an appropriate sanction. Stewart's conduct and the circumstances of this case satisfy each of the *Mutual Federal* factors as well as the warning requirement set forth in *Hathcock*. The court finds the first factor of the *Mutual Federal* test satisfied here. Stewart's bad faith is evident, not simply in his refusal to provide the most basic discovery responses, but also in his accompanying failure to offer any explanation for this refusal by failing to respond to this latest motion for sanctions. *See Green*, 188 F.R.D. at 424 (finding plaintiff's failure to offer an explanation of noncompliance as evidence of bad faith); *Robinson*, 188 F.R.D. at 424 (same). Stewart's bad faith is highlighted by the fact that Stewart has failed to provide discovery even after being specifically warned by the court that the failure to comply with the court's orders could result in the dismissal of this action.

Second, the court finds that Avaya has been prejudiced by Stewart's refusal to respond to discovery requests. *See Mutual Federal*, 872 F. 2d at 92 (stating that courts should consider "the

5

amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce"). It is undisputed that the discovery deadline in this case is September 7, 2007, and at the time of the filing of this motion, Avaya had not received any responses to its discovery requests. This failure to provide responses prejudices Avaya's ability to defend against Stewart's claims. *See Daye*, 172 F.R.D. at 178 (finding prejudice where plaintiffs "failed to provide the most elementary of discovery responses").

Third, the court believes that noncompliance with the court's orders must be deterred. *See Mutual Federal*, 872 F.2d at 92 (directing courts to consider "the need for deterrence of the particular sort of noncompliance"). The court twice has ordered Stewart to provide responses to Avaya's discovery requests. Although Stewart's counsel largely was to blame for Stewart's first failure to comply with the court's order, there has been no explanation as to why Stewart has failed to comply with the second order of this court. Such behavior warrants deterrence. S*ee Green* 188 F.R.D. at 424 (finding it necessary to deter complete failure to response to interrogatories).

Finally, the court concludes that any lesser sanction would be futile or ineffective. Avaya represents that Stewart's counsel has yet to pay the attorney's fees and costs due on July 16, 2007, as ordered by Magistrate Judge Gates. This court also has ordered Stewart's counsel to pay additional attorney's fees and costs, and explicitly warned Stewart himself that the failure to comply with the court's order to provide discovery responses could result in dismissal of this action. Despite this warning, Stewart seemingly cannot be spurred to act.

Accordingly, Avaya's Second Motion for Sanctions, Including Dismissal [DE-28] is

6

ALLOWED in part, and Stewart's Complaint is DISMISSED with prejudice. In accordance with Rule 37(b), Avaya is entitled to attorney's fees and reasonable expense caused by Stewart's failure to comply with this court's July 18, 2007 Order. Accordingly, Avaya is directed to file, **on or before October 1, 2007**, an affidavit setting forth Avaya's fees and expenses incurred as a result of Stewart's failure to comply with the July 18, 2007, Order. Additionally, Avaya should demonstrate why such a fee is reasonable for the time and labor expended, the customary fee for like work, and the experience and ability of the attorney(s) rendering such services.

## III. CONCLUSION

Accordingly, Avaya's Second Motion for Sanctions, Including Dismissal [DE-28] is ALLOWED, and Stewart's Complaint is DISMISSED with prejudice. In accordance with Rule 37(b), Avaya is entitled to attorney's fees and reasonable expense caused by Stewart's failure to comply with this court's July 18, 2007 Order. Accordingly, Avaya is directed to file, **on or before October 1, 2007**, an affidavit setting forth Avaya's fees and expenses incurred as a result of Stewart's failure to comply with the July 18, 2007, Order. Additionally, Avaya should demonstrate why such a fee is reasonable for the time and labor expended, the customary fee for like work, and the experience and ability of the attorney(s) rendering such services.

SO ORDERED.

This the 19 day of September, 2007.

*James C. Fox*
James C. Fox
Senior United States District Judge