UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:06-CV-232-F

| MICHAEL STEWART, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | ORDER |
|  | ) |  |
| AVAYA, INC., | ) |  |
| Defendant. | ) |  |

This matter is before the court upon Plaintiff Michael Stewart's "Motions for New Trial, Amendment of Judgment, Relief From Judgment and Stay of Proceedings to Enforce Judgment" [DE-36]. Defendant Avaya, Inc. ("Avaya") has responded thereto, and Stewart's motions are ripe for disposition. Also before the court is an affidavit filed by Avaya [DE-35], in response to this court's September 19, 2007, Order [DE-33], awarding Avaya expenses and attorney's fees caused by Stewart's failure to comply with this court's July 18, 2007 Order.

## I. PROCEDURAL BACKGROUND

Plaintiff Michael Stewart ("Stewart") initiated this action on June 12, 2006, by filing a Complaint in this court asserting claims against Avaya under 42 U.S.C. § 2000e *et seq.* (Title VII) and 42 U.S.C. § 1981a. On January 8, 2007, United States Magistrate Judge James E. Gates signed a Scheduling Order [DE-9], which provided, *inter alia*, that all discovery in the action shall be concluded by September 7, 2007.

On January 16, 2007, Avaya served its First Set of Interrogatories and First Request for Production of Documents on Stewart. Stewart, however, did not provide discovery responses within thirty days, or by February 20, 2007, as required by the Federal Rules of Civil Procedure. Subsequently, on March 1, 2007, and on March 8, 2007, counsel for Avaya wrote Stewart's

counsel, and requested that Stewart's discovery responses be served on Avaya by March 16, 2007. Avaya's counsel explicitly stated in the March 8, 2007, letter that if Stewart failed to respond to the discovery requests on or before March 16, 2007, Avaya would file a motion to compel. When Stewart's counsel failed to respond to the letters, Avaya filed a Motion to Compel [DE-11] on March 21, 2007.

Magistrate Judge Gates allowed Avaya's unopposed Motion to Compel, and ordered Stewart to provide Avaya with complete discovery responses within ten days of the filing date of the order. *See* April 25, 2007 Order [DE-13] at p. 2. Magistrate Judge Gates also allowed Avaya's request for attorney's fees and expenses incurred in filing the motion to compel, and directed Avaya to file an affidavit setting forth any such expenses within ten days. Magistrate Judge Gates ordered that Stewart would be afforded three days to file a response, if any, to Avaya's affidavit.

On May 18, 2007, Avaya filed a motion for sanctions, contending that Stewart failed to provide any discovery responses despite Magistrate Judge Gates' order allowing the motion to compel. Avaya sought sanctions, including dismissal of the action with prejudice, for Stewart's failure to obey a court order. Despite being served electronically and by mail with the motion for sanctions, Stewart failed to file a response to the motion for sanctions.

Out of an abundance of caution, the undersigned ordered Stewart to show cause, if any there be, on or before June 27, 2007, why Avaya's Motion for Sanctions [DE-16] should not be allowed and why this action should not be dismissed for failure to comply with the court's April 24, 2007 Order. *See* June 20, 2007 Show Cause Order [DE-18]. The court explicitly warned Stewart that the failure to respond to the show cause order would result in the imposition of

2

sanctions, up to and including the dismissal of this action.

On June 28, 2007, Stewart filed a Motion to Extend Time to Respond and Motion to Approve Manual Filing [DE-20]. The court allowed the motion, and directed the Clerk of Court to file Stewart's response and accompanying exhibits. *See* July 12, 2007 Orders [DE-22] &[DE-23]. In the response, Stewart's counsel contended that she sent her client's response to the First Set of Interrogatories to counsel for Avaya on March 23, 2007. Stewart's counsel attached the cover letter to the March 23, 2007, discovery response, but not the response itself. The cover letter suggests that Stewart's counsel sent the discovery responses to an incorrect address. Stewart's counsel did not address Stewart's lack of response to Avaya's First Request for Production of Documents.

Stewart's counsel also contended that she did not have notice of Avaya's motion to compel, or the court's order granting the same, because her email account regarded all email messages coming from the court's electronic filing system as "spam," and placed the email messages in a junk file folder where the messages are deleted after two weeks. Thus, according to counsel, she did not have notice of Avaya's motion to compel or the court's order allowing the motion to compel until June 12, 2007, when she discovered that her email was regarding federal court filings as spam. Counsel did not address, however, the fact that Avaya served a copy of its Motion for Sanctions via the regular mail on May 18, 2007. Finally, Stewart's counsel informed the court that on the advice of a medical professional, she took a month-long leave of absence from her practice from April 1, 2007 until May 1, 2007.

In an order filed on July 18, 2007, the court allowed, in part, Avaya's motion for sanctions. *See* July 18, 2007 Order [DE-26]. Specifically, the court ordered Stewart's counsel to

pay Avaya's costs and expenses, including attorney's fees, incurred in preparing, filing, and seeking ruling on the motion for sanctions. Additionally, the court ordered Stewart to provide Avaya with complete responses to its First Set of Interrogatories and First Request for Production of Documents within ten (10) days of the filing date of the order. The court explicitly warned Stewart and his counsel that the failure to comply with the order would result in the imposition of sanctions, up to and including the dismissal of this action.

On August 22, 2007, Avaya filed Defendant's Second Motion for Sanctions, Including Dismissal [DE-28]. In the memorandum of law in support of the motion, Avaya represented that Stewart failed to serve any responses to the Interrogatories or Request for Production of Documents. Applying the four factor test set forth in *Mutual Federal Savings and Loan Assocication v. Richards and Associates*, 872 F.2d 88, 92 (4th Cir. 1989), the court allowed Avaya's Second Motion for Sanctions and concluded that dismissal was an appropriate sanction. *See* September 19, 2007 Order [DE-33]. The court specifically observed that "Stewart's bad faith is evident, not simply in his refusal to provide the most basic discovery responses, but also in his accompanying failure to offer any explanation for this refusal by failing to respond to this latest motion for sanctions." *Id.* at p. 5. The court therefore dismissed Stewart's Complaint, and the Clerk of Court entered judgment [DE-34].

On October 1, 2007, Stewart filed "Motions for New Trial, Amendment of Judgment, Relief From Judgment and Stay of Proceedings to Enforce Judgment" [DE-36]. In support of Stewart's motion, his counsel asserts that this court erroneously allowed Defendant's Second Motion for Sanctions "without being privy to Plaintiff's position," and that Stewart "did not respond to Defendant's motion only because his counsel was awaiting this Honorable Court's

direction to respond as this Court so ordered on or about June 20, 2007." Mots. to Alter Judgment ¶¶3-4 [DE-36]. Additionally, Stewart's counsel contends that Stewart "has a meritorious defense" with regard to Defendant's Second Motion for Sanctions. *Id.* at ¶ 6.

Specifically, Stewart's counsel contends that she attached her client's "Responses to the Interrogatories" to his Response to Defendant's first Motion for Sanctions [DE-24], but that the "Responses to the Interrogatories" was not manually filed as requested and were returned to counsel by the Clerk's office. *Id.* at ¶¶ 9-10. Stewart's counsel asserts she then mailed the Response, including the "Responses to Interrogatories" to defense counsel on July 3, 2003. *Id.* at ¶ 11.

Stewart's counsel also contends that on July 16, 2007, defense counsel contacted her regarding Magistrate Judge Gate's Order to pay Avaya $1,262.99. *Id.* at ¶ 12. Stewart's counsel contends that during their conversation, she informed defense counsel that she had difficulty electronically filing the Response to Defendant's first Motion for Sanctions, so she "placed all the documents in the mail to him." *Id.* at ¶ 13. Stewart's counsel maintains that "[a]t no time during that conversation, [sic] did the Defendant['s counsel] indicate that he did not receive the filed documents." *Id.*

Stewart's counsel maintains that defense counsel told her not to send the $1,262.99, and "indicated that his client was waiving the fee and offering a settlement of $2,500.00 to resolve the matter totally." *Id.* at ¶ 14. She asserts that she informed defense counsel she would speak with her client and return with an answer, and did so on July 24, 2007 with a "proposed counteroffer," but defense counsel has yet to reply. *Id.* ¶¶ 15, 17.

Thus, Stewart's counsel argues that Avaya has "misrepresented to this court that Plaintiff's

counsel blatantly disregarded the court's order to pay the sum and his led this court to believe that she made no attempts to comply;" that "Defendant also misrepresented to this Honorable Court that they [sic] never received the answers to the Defendant's First Set of Interrogatories, when in fact they were mailed shortly after Plaintiff filed a response to Defendant's motion;" and that "Plaintiff has a meritorious defense and was merely awaiting the Court's direction before responding, as the Court has ordered in the past." *Id.* at ¶¶ 18, 19, 23.

Avaya, for its part, offers the sworn affidavits of both defense counsel Kevin J. Dalton, and Dalton's legal assistant, Martha S. Jones. Therein, both Dalton and Jones aver that defense counsel has never received any interrogatory responses from Stewart. *See* Aff. of Kevin Dalton ¶¶ 3-4 [DE-37-4]; Aff. of Martha Jones ¶¶ 5-8 [DE-37-3]. Dalton confirms that he "informed Plaintiff's counsel that [he] was authorized to make a nuisance value offer to resolve the lawsuit of payment of $2,500.00 to Plaintiff and foregoing the sanctions awarded by Magistrate Judge Gates of $1,262.99 against Plaintiff's counsel to Defendant." Aff. of Kevin Dalton ¶ 5 [DE-37-4]. Dalton avers, however, that he "specifically informed Plaintiff's counsel that the offer was a firm offer and that Plaintiff had to respond by the end of the week" and that "the offer was only available if the case was resolved immediately and that the offer would no longer be on the table in the event I had to engage in any additionally work on the matter . . . ." *Id.* Moreover, Dalton states that "Plaintiff never made any counteroffer." *Id.* Finally, Dalton states that he "never 'waived' the obligations of Plaintiff's counsel to pay the court-ordered attorney's fees to Defendant." *Id.* at ¶ 6.

## II. ANALYSIS

Stewart moves for a new trial or amendment of the judgment, relief from judgment or

order and stay of proceedings to enforce judgment pursuant to Rules 59(a), (d), and (d), 60(b), and 62(a) of the Federal Rules of Civil Procedure. Additionally, Stewart requests a hearing in this matter. Although Stewart cites to Rules 59, 60, and 62 in the first sentence of his motion, he does not proffer specific references or arguments with regard to the Rules in the body of his motion. Nevertheless, the court will address his arguments with regard to each Rule.

### A. Rule 59 Motions

At the outset, the court observes that Rule 59(a) of the Federal Rules of Civil Procedure is inapplicable. That rule states:

> (1) Grounds for New Trial. The court may, on motion, grant a new trial on all or some of the issues–and to any party–as follows:
>
> (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court; or
> (B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.

FED. R. CIV. P. 59(a). Because this court did not hold a trial in this case, Rule 59(a) is inapplicable.

Moreover, Rule 59(d), which provides that the court may order a new trial on its own initiative for any reason that would justify granting one on a party's motion, is plainly not applicable in the posture of this case.

Finally, relief is not available for Stewart under Rule 59(e), which provides for motions to alter or amend a judgment, and mandates that such motions be filed no later than 10 days after entry of the judgment. FED. R. CIV. P. 59(e). "There are three circumstances in which the district court can grant a Rule 59(e) motion: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or

7

prevent manifest injustice.'" *United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir.2002) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir.1998)). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pac. Ins. Co.*, 148 F.3d at 403. Stewart cannot make any of the showings necessary to prevail on a Rule 59(e) motion.

First, there has been no change in controlling law. Second, there is no new evidence that was not available to Stewart at the time Avaya filed its Second Motion for Sanctions. The fact that Stewart's counsel "was merely awaiting the Court's direction before responding as the Court has ordered in the past" does not change this analysis, because it is not a legitimate excuse for Stewart's failure to respond to Avaya's motion. There is nothing in the Federal Rules of Civil Procedure nor in the Local Rules of the Eastern District of North Carolina which would give Stewart's counsel any reason to think that a party should wait for a show cause order before responding to motions filed by the opposing party. Although the court did enter a show cause order on June 20, 2007, ordering Stewart to show cause why Avaya's first Motion for Sanctions should not be allowed and this action dismissed for failure to obey Magistrate Judge Gates's April 24, 2007 Order, the court did so <u>out of an abundance of caution</u>. The record before the court at the time indicated that a plaintiff, who was ostensibly represented by counsel, had not responded to the opposing party's letters, motions, or a court order. The court is not accustomed to officers of the court ignoring letters from opposing counsel or orders of the court, and hoped that the show cause order would spur some response from Stewart's counsel. The court does not

8

find it credible that Stewart's counsel thereafter expected always to receive a show cause order before responding to motions. *Cf. Bogart v. Chapell*, 396 F.3d 548, 558 (4th Cir. 2005)(stating that a district court's refusal to consider new evidence in support of a Rule 59(e) motion will not be reversed "where the movant presented no legitimate justification for failing to timely submit the evidence and had advance notice of the summary judgment issues").

Finally, Stewart fails to persuade the court that the September 19, 2007 Order allowing Avaya's Second Motion for Sanctions, and the subsequent judgment dismissing his case, constitute a clear error of law or a manifest injustice. As the court will discuss in detail below, despite Stewart's latest assertions, the record still indicates that he is not in compliance with the court's orders. Consequently, Stewart has not shown that the Judgment dismissing his case is a "manifest injustice" or a "clear error of law." Having failed to make any of the necessary showings, Stewart's Rule 59 motion is denied.

### B. Rule 60(b) Motion

Stewart also references Rule 60(b). The Fourth Circuit has explained that "consideration of Rule 60(b) motions proceeds in two stages." *Nat'l Union Credit Bd. Admin. v. Gray*, 1 F.3d 262, 264 (4th Cir. 1993). First, the movant must meet three threshold conditions: the moving party must show (1) that his motion is timely, (2) that he has a meritorious defense, and (3) that the opposing party would not be unfairly prejudiced by having the judgment set aside. *Id.*[1] If the moving party makes the threshold showings, "he must then satisfy one or more of the six grounds for relief set forth in Rule 60(b) in order to obtain relief from the judgment." *Park Corp. v.*

---

[1] The Fourth Circuit has occasionally noted a fourth threshold showing: exceptional circumstances. *Nat'l Union Credit Bd. Admin.*, 1 F.3d at 264 (citing *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)).

9

*Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir.1987).

Here, although Stewart's motion is timely, he has not shown a meritorious defense to Avaya's Second Motion for Sanctions. As this court has already recounted, Stewart has been ordered twice to provide Avaya with responses to Avaya's First Set of Interrogatories and First Set of Production of Documents. *See* April 24, 2007 Order [DE13](noting that Avaya served its First Set of Interrogatories and First Set of Production of Documents on Stewart on January 16, 2007, and ordering Stewart to "provide Avaya with complete responses to all discovery requests within ten days of the date of this Order); July 18, 2007 Order [DE-26] ("Stewart is ORDERED to provide Avaya with complete responses to discovery within ten (10) days of the filing date of this order."). The court has twice ordered Stewart's counsel to pay Avaya attorney's fees. *See* June 21, 2007 Order [DE-]; July 18, 2007 Order [DE-]. Even after those court orders, Stewart, and his counsel, have failed to comply with both Avaya's discover requests <u>and</u> the orders of this court.

Although Stewart's counsel makes assertions, unsupported by documentary evidence, that she properly served Avaya with responses to Avaya's First Set of Interrogatories, she has <u>never</u> addressed the lack of response to Avaya's First Set of Production of Documents. Even if the court accepts the unsupported assertions of Stewart's counsel, which it does not, Stewart's proffer of a counteroffer did not excuse him from having to comply with the court's July 18, 2007 Order directing him to provide Avaya with discovery responses. By not addressing his failure to serve a response to the First Set of Production of Documents, Stewart has conceded that he still is not in compliance with the court's orders, and therefore he does not have a meritorious defense to Avaya's Second Motion for Dismissal. Because he cannot make the

threshold showing necessary to prevail on a Rule 60(b) motion, Stewart's motion must be denied.

### C. Rule 62(a)

Finally, Stewart's request for relief pursuant to Rule 62(a) fails. The Rule merely provides an automatic stay of enforcement for ten days after the entry of a judgment. Fed. R. Civ. P. 62(a)("[N]o execution may issue on a judgment, nor may proceedings be taken to enforce it, until 10 days have passed after its entry.").

### D. Attorney's fees

Because Stewart's motions to alter the judgment are without merit, the court turns to the affidavit filed by Defendant Avaya, Inc., in response to this court's September 19, 2007, Order [DE-33], awarding Avaya expenses and attorney's fees caused by Stewart's failure to comply with this court's July 18, 2007 Order. Kevin J. Dalton, counsel for Avaya, avers that he performed a total of 8.9 hours of work in connection with Avaya's Second Motion for Sanctions, and consequently, Avaya incurred a total of $2,269.50 in attorney's fees. Mr. Dalton represents that his hourly rate for work for Avaya is $255.00, compared to his usual rate of $310.00. Additionally, Mr. Dalton indicates that he has been practicing law for over ten years. *See* Aff. of Kevin J. Dalton ¶¶ 1, 3-5 [DE-35].

Having reviewed Mr. Dalton's affidavit, the typical hourly rates charged by similarly situated attorneys in THE 2006 SURVEY OF LAW FIRM ECONOMICS, as well as the undersigned's own experience within the Eastern District of North Carolina, and in light of the factors enunciated in *Daly v. Hill*, 790 F.2d 1071, 1075 (4th Cir. 1985),[2] the court finds the hours

---

[2] In assessing the reasonableness of attorneys' fees, the Fourth Circuit has stated that a district court's analysis must strictly apply the factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *as modified by Hensley v. Eckerhart*, 461

expended on the Motion for Sanctions and the rates requested to be reasonable. *See* ALTMAN WEIL, INC., THE 2006 SURVEY OF LAW FIRM ECONOMICS, 91, 98 (2006). Accordingly, Plaintiff Michael Stewart is ORDERED to pay Avaya the sum of $2,269.50.

### III. CONCLUSION

Plaintiff Michael Stewart's "Motions for New Trial, Amendment of Judgment, Relief From Judgment and Stay of Proceedings to Enforce Judgment" [DE-36] is DENIED, as is Stewart's request for a hearing. Plaintiff Michael Stewart is ORDERED to pay Avaya the sum of $2,269.50.

SO ORDERED.

This the 19th day of September, 2008.

James C. Fox
Senior United States District Judge

---

U.S. 424 (1983). *See Daly v. Hill*, 790 F.2d 1071, 1075 (4th Cir. 1985). The *Johnson* factors are: (1) the time and labor required to litigate the suit; (2) the novelty and difficulty of the questions presented by the lawsuit; (3) the skill required to perform properly the legal services; (4) the attorney's opportunity costs in pursuing the litigation; (5) the customary fee for such services; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the attorney's professional relationship with the client; and (12) awards in similar cases. *See id.* at 1075 n.2.